## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES TIPTON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-CV-311-TAV-CCS** |
| | ) | |
| **CSX TRANSPORTATION, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT UNION TANK CAR COMPANY'S AMENDED REQUESTS
## FOR SPECIAL JURY INSTRUCTIONS AND PROPOSED JURY VERDICT FORM

Defendant, Union Tank Car Company ("UTC"), through counsel and pursuant to this Court's requests made at the Pretrial Conference on February 22, 2018, and during Trial on February 27, 2018, respectfully submits the following proposed jury instructions and proposed jury verdict form. The attached Special Jury Instructions replace and supersede UTC's prior Request for Special Jury Instructions (Doc. 283).

**Multiple Plaintiffs**

Although there are six Plaintiffs in this lawsuit, the case of each Plaintiff is separate and independent.

Unless you are instructed to the contrary, the instructions apply to the facts of each Plaintiff's case. You will decide each Plaintiff's case separately, as if you were deciding different lawsuits.[1]

---

[1] Tennessee Pattern Jury Instructions – Civil 15.07.

**Negligent Infliction of Emotional Distress**

To recover for negligent infliction of emotional distress, plaintiff must prove both of the following:

1. UTC was negligent, and

2. The negligence caused a serious mental injury to plaintiff.

An emotional injury is serious or severe if the injury alone would disable a reasonable, normally constituted person from coping adequately with stress. Put another way, the law intervenes only where the distress is so severe that no reasonable person could be expected to endure it.

Among the factors you may consider in determining whether a plaintiff suffered emotional distress are (1) evidence that plaintiff exhibited physiological manifestations including, but not limited to nausea, vomiting, headaches, severe weight loss or gain, and the like; (2) evidence that plaintiff exhibited psychological manifestations including, but not limited to, sleeplessness, depression, anxiety, crying spells, nightmares, drug and/or alcohol abuse, and unpleasant mental reactions such as fright, horror, grief, shame, embarrassment, anger, chagrin, disappointment and worry; (3) evidence that plaintiff sought medical treatment, was diagnosed with a medical or psychiatric disorder and/or was prescribed medication; (4) evidence regarding the duration and intensity of the symptoms; and (5) evidence that plaintiff suffered significant impairment in his or her daily functioning.

Plaintiff's serious mental injury must be established by expert medical or scientific proof.[2]

---

[2] Tennessee Pattern Jury Instructions – Civil 4.36 (modified). *See also Capps v. Cremation Options, Inc.*, No. 3:12-CV-545-TAV-HBG, 2016 WL 123425, at *5-6 (E.D. Tenn. Jan. 11, 2016); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 208 (Tenn. 2012); *Miller v. Willbanks*, 8 S.W.3d 607, 615 (Tenn. 1999) (quoting Restatement (Second) of Torts § 46 cmt. J (1965)); *Ramsey v. Beavers*, 931 S.W.2d 527, 532 (Tenn. 1996).

**Compliance with Government Standards**

You have heard testimony in this case concerning the Federal Railroad Safety Act and regulations that implement this Act that governs UTC in the inspection and maintenance of railcars. If you find that UTC complied with these regulations or standards at the time UTLX 901717 was inspected or maintained, this shall raise a rebuttable presumption that UTLX 901717 was not in an unreasonably dangerous condition regarding the matters covered by these standards.[3]

---

[3] Tenn. Code Ann § 29-28-104 (modified). *See also Clarksville-Montgomery Cnty. School Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 1004 (6th Cir. 1991); *Hughes v. Lumbermens Mut. Cas. Co., Inc.*, 2 S.W.3d 218, 222-25 (Tenn. Ct. App. 1999); *Tuggle v. Raymond Corp.*, 868 S.W.2d 621, 624-25 (Tenn. Ct. App. 1992).

4

**No differentiation between corporations or natural persons**

In your consideration of this case, corporations and natural persons must be treated equally. All persons in the eyes of the law are entitled to the same fair and impartial consideration and to justice by the same legal standard. A corporation is entitled to the same fair trial at your hands as a private individual.[4]

---

[4] Jury Charge – *EEOC v. Dolgencorp, LLC,* Case No. 3:14-cv-441-TAV-HBG (Doc. 156) (modified)

**Plaintiffs' Claims**

The Plaintiffs allege that UTC was negligent in this case. UTC denies Plaintiffs' claims. To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence (1) that UTC owed a duty of care to Plaintiff, (2) that UTC's conduct fell below the applicable standard of care that amounted to breach of that duty, (3) that Plaintiffs sustained an injury or loss, (4) that UTC's actions amount to cause in fact of the injury or loss, and (5) that UTC's actions were the legal cause of the injury or loss.

If you find that Plaintiffs have failed to prove any of the above elements, you must find for UTC.[5]

Plaintiffs' claim for negligence is:

1. That UTC violated 49 C.F.R. § 215.115 because UTC's employees failed to observe that the incident bearing was in a condition that warranted replacement during the 2013 qualification.

---

[5] *Gingers v. Memphis Housing Auth.,* 277 S.W.3d 359, 364 (Tenn. 2009); Jury Charge – *EEOC v. Dolgencorp, LLC,* Case No. 3:14cv441-TAV-HBG (Doc. 156)

6

**Foreseeability Defined**

Foreseeability is the test of negligence. The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within UTC's power more probably than not would have prevented the injury. Foreseeability must be determined as of the time of the acts or omissions. The party's conduct must be judged in the light of what was apparent to him at the time, and not by looking backward "with the wisdom born of the event."[6]

---

[6] *Doe v. Linder Const. Co.,* 845 S.W.2d 173, 178 (Tenn. 1992); *Stockton v. Ford Motor Co.,* 2017 Tenn. App. LEXIS 308 (Tenn. Ct. App. May 12, 2017) (holding error not to instruct the jury as to whether the plaintiff's injuries were reasonably foreseeable to defendant); Tennessee Pattern Jury Instructions – Civil 3.50 Comparative Fault, Theory, and Effect and 3.22 – Legal Cause Comment and *Friedenstab v. Short*, 174 S.W.3d 217, 219 (Tenn. Ct. App. 2004) perm. app. denied.

**Duty – Defined**

Duty is the legal obligation owed by UTC to Plaintiffs to conform to a reasonable person standard of care for the protection against unreasonable risks of harm.[7]

---

[7] *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

**Unreasonable Risk – Defined**

A risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by UTC's conduct outweigh the burden upon UTC to engage in alternative conduct that would have prevented the harm.[8]

---

[8] *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995) (citing Restatement (Second) Torts § 291 (1964)).

**Unreasonable Risk – Factors**

Several factors must be considered in determining whether a risk is an unreasonable one. Those factors include the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by UTC; the usefulness of the conduct to UTC; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.[9]

---

[9] *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995) (citing Restatement (Second) Torts §§ 292, 293 (1964)).

**Standard of Conduct – Defined**

The standard of conduct is the use of reasonable care in light of apparent risk. The standard of conduct for Plaintiffs' claims is defined by federal statute or regulations. I will describe to you in a moment what those statutes or regulations require. If you find that UTC satisfied the statute or regulation, you must find UTC not liable. The burden of proof is always on Plaintiff to prove that UTC did not satisfy the statute or regulation.[10]

---

[10] *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995) (citing Prosser & Keeton on the Law of Torts § 356); Tennessee Pattern Jury Instructions – Civil 3.50 Comparative Fault, Theory, and Effect; *Whaley v. Perkins*, 197 S.W.3d 665, 673 (Tenn. 2006).

**Standard of Care – Regulations**

The standard of conduct relevant to this case is defined by federal regulations that require the replacement of a "defective roller bearing" as set forth in 49 C.F.R. § 215.115(a):

(a) A railroad may not place or continue in service a car, if the car has:

(1) A roller bearing that shows signs of having been overheated as evidence by –

i.   Discoloration; or
ii.  Other telltale signs of overheating such as damage to the seal or distortion of any bearing component;

(2) A roller bearing with a –

i.   Loose or missing cap screw; or
ii.  Broken, missing, or improperly applied cap screw lock; or

(3) A roller bearing with a seal that is loose or damaged or permits leakage of lubricant in clearly formed droplets.[11]

---

[11] 49 C.F.R. § 215.115(a).

**Breach – Defined**

If UTC did not exercise reasonable care, UTC has breached the duty.[12]

---

[12] *McCall v. Wilder*, 913 S.W.2d 150, 153-54 (Tenn. 1995).

Case 3:15-cv-00311-TAV-DCP   Document 372   Filed 02/28/18   Page 13 of 32   PageID #: 11899

**Cause in fact**

UTC's conduct is a cause in fact of an event if the event would not have occurred but for that conduct; conversely, UTC's conduct is not a cause of an event if the event would have occurred without it.[13]

_____

[13] *See Waste Mgmt, Inc. of Tenn. v. S. Central Bell Tel. Co.*, 15 S.W.3d 425, 431 (Tenn. Ct. App. 1997).

**Superseding Cause**

A cause of an injury is not a legal cause when there is a superseding cause. For a cause to be a superseding cause, all of the following elements must be present:

1. The harmful effects of the superseding cause must have occurred after the original negligence;

2. The superseding cause must not have been brought about by the original negligence;

3. The superseding cause must actively work to bring about a result which would not have followed from the original negligence; and

4. The superseding cause must not have been reasonably foreseeable by the original negligent party.[14]

---

[14] *See* Tennessee Pattern Jury Instructions – 3.24 Superseding Cause (2016 ed.).

**Comparative Fault, Theory and Effect**

In deciding this case you must determine the fault, if any, of each of the parties. If you find more than one of the parties at fault, you will then compare the fault of the parties. To do this, you will need to know the definition of fault.

A party is at fault if you find that the party was negligent and that the negligence was a cause in fact and legal cause of the injury or damage for which a claim is made.

Fault has two parts: negligence and causation. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under circumstances similar to those shown by the evidence. The mere happening of an injury or accident does not, in and of itself, prove negligence. A person may assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person.

The second part of fault is causation.

Causation has two components: (a) causation in fact and (b) legal cause.

A cause in fact of the plaintiff's injury is a cause which directly contributed to the plaintiff's injury and without which the plaintiff's injury would not have occurred. To be a cause in fact, it is not necessary that a negligent act or omission be the sole cause of plaintiff's injury, only that it be a cause.

Once you have determined that a party's negligence was a cause in fact of plaintiff's injury, the next question you must decide is whether the party's negligence was also a legal cause of the plaintiff's injury.

Two requirements must be met to determine whether a party's negligent acts or omissions were a legal cause of the injury or damage.

    1. The conduct must have been a substantial factor in bringing about the harm being complained of; and

    2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and prudence.

A single injury can be caused by the negligent acts or omissions of one or more persons.

If you find that a party was negligent and that the negligence was a cause in fact and also a legal cause of the injury or damages for which a claim was made, you have found that party to be at fault. Plaintiffs have the burden to prove UTC's fault. If plaintiffs fail to do so, you should find no fault on the part of UTC. Likewise, UTC has the burden to prove CSX's fault. If UTC fails

to do so, you should find no fault on the part of CSX. If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.

You must also determine the total amount of damages sustained by any party claiming damages. You must do so without reducing those damages by any percentage of fault you may have charged to that party. I will instruct you on the law of damages in a few minutes.

It is my responsibility under the law to reduce the amount of damages you assess against any party by the percentage of fault, if any, that you assign to that party.[15]

---

[15] *See* Tennessee Pattern Jury Instructions – 3.50 Comparative Fault (modified).

**Where Claim is made Against One Not Joined as a Party**

In this case, UTC claims that CSX, a non-party, was at fault and has the burden of proving their fault.

Even though they have not appeared or offered evidence, it is necessary that you determine whether CSX was at fault and determine the percentage of fault, if any, chargeable to them.[16]

---

[16] Tennessee Pattern Jury Instructions – Civil 3.53 (modified).

Case 3:15-cv-00311-TAV-DCP   Document 372   Filed 02/28/18   Page 18 of 32   PageID #: 11904

**Each Defendant Entitled to Separate Consideration**

There are allegations of fault against UTC and CSX. If you find that either UTC or CSX is at fault, you are not required to return a verdict against all. You will decide UTC's and CSX's case separately. Both UTC and CSX are entitled to a fair and separate consideration. Unless you are instructed to the contrary, these instructions apply to the facts of both UTC's and CSX's case.[17]

---

[17] Tennessee Pattern Jury Instructions – Civil 15.08 (modified).

**Several Liability**

If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.[18]  In making this appointment, the percentage of fault chargeable to UTC and CSX is not be measured solely by the number of particulars in which a defendant is found to be at fault.  You should weigh the respective contributions of UTC and CSX, considering the conduct of each as a whole, determine whether one made a larger contribution than the other, and, if so, to what extent it exceeds that of the other.[19]

To assist you in making this decision, you may consider the factors such as whose conduct more directly caused the injury to plaintiffs, how reasonable was the person's conduct in confronting the risk, did the person fail to reasonably use an existing opportunity to avoid injury to another. You may also consider any other factors that you find to be important under the facts and circumstances.  But the determination of fault on the part of any person and the determination of the relative percentages of fault, if any, are matters for you alone to decide.

---

[18] Tennessee Pattern Jury Instructions – Civil 3.50 Comparative Fault, Theory and Effect.
[19] Tennessee Pattern Jury Instructions – Civil 3.51 Comparative Fault Basis of Comparison (modified).

**Nuisance – For Plaintiff to Prevail**

Plaintiffs have brought a claim of nuisance against UTC. For each Plaintiff to prevail, each Plaintiff must show by a preponderance of the evidence that UTC acted unreasonably for an unreasonable length of time and that the unreasonable actions over that unreasonable amount of time proximately caused each Plaintiff's injury. If each Plaintiff cannot meet all of these requirements, you must find for UTC.[20]

---

[20] Tennessee Pattern Jury Instructions – Civil 9.13 (modified); *Shore v. Maple Lane Farms, LLC,* 411 S.W.3d 405, 415 (Tenn. 2013); *Jenkins v. CSX Transp., Inc.,* 906 S.W.2d 460, 462 (Tenn. Ct. App. 1995); *DeGarmo v. City of Alcoa*, 332 F.2d 403, 405 & n.2 (6th Cir. 1994) (applying Tennessee law).

**Nuisance Defined**

A nuisance is the unreasonable use of property over an unreasonable length of time that proximately causes significant and unreasonable annoyance, inconvenience, discomfort, harm, or injury to the plaintiff; to the plaintiff's personal comfort; or to the plaintiff's free use, possession, or occupation of the plaintiff's own property. Mere inconvenience alone does not constitute nuisance.[21]

---

[21] Tennessee Pattern Jury Instructions – Civil 9.13 (modified); *Shore v. Maple Lane Farms, LLC,* 411 S.W.3d 405, 415 (Tenn. 2013); *Jenkins v. CSX Transp., Inc.,* 906 S.W.2d 460, 462 (Tenn. Ct. App. 1995); *DeGarmo v. City of Alcoa*, 332 F.2d 403, 405 & n.2 (6th Cit. 1964) (applying Tennessee law); Restatement (Second) Torts § 821F.

**Measure of Nuisance – Significant and Unreasonable**

To show that an invasion was both significant and unreasonable, Plaintiffs' evidence must demonstrate that it was more likely than not that a normal person living in the area would regard both the duration and existence of the invasion in question as definitely offensive, seriously annoying, or intolerable.[22]

---

[22] *Shore v. Maple Lane Farms, LLC*, 411 S.W. 405, 416 (Tenn. 2013) (modified).

**Measure of Nuisance – Reasonable Person in the Community**

In determining whether a plaintiff has experienced significant and unreasonable harm, your measure is that of a normal person. In making this determination, you are guided by your common knowledge. You are permitted to weigh the evidence in the light of your common sense, observations, and experience. If a normal person would not have suffered significant and unreasonable harm, then you may not find liability, even if the particular plaintiff claims the harm was significant and unreasonable to him or her.[23]

---

[23] *Jenkins v. CSX Transp., Inc.*, 906 S.W.2d 460, 462 (Tenn. Ct. App. 1995) (modified).

**Reasonableness of UTC**

The key element of any nuisance is the reasonableness of the defendant's conduct under the circumstances.[24]

In determining whether UTC acted reasonably, you may consider the nature, extent, and duration of the interference; whether UTC took feasible precautions to avoid any unnecessary interference; the nature of the interfering conduct; the nature of the use invaded; and any other factor that you deem relevant.[25]

If you find that UTC acted reasonably, you must find for UTC.[26]

---

[24] *Sadler v. State,* 56 S.W.3d 508, 511 (Tenn. Ct. App. 2001) (citing 58 Am. Jur. 2d *Nuisance* § 76).
[25] 58 Am. Jur. 2d *Unreasonableness of Interference* § 77 (modified).
[26] *Frank v. Gov't of City of Morristown,* 294 S.w.3D 566, 571 (Tenn. Ct. App. 2008) (modified).

**Damages – Duty to Mitigate**

A plaintiff has a duty to mitigate his or her damages, that is, an injured party is charged with a duty to exercise reasonable care and due diligence to avoid loss or minimize damages after suffering injury.[27]

---

[27] *Freeman v. Norfolk S. Corp.*, No. 3:03-cv-341, 2007 WL 2156753, at *3 (E.D. Tenn. July 25, 2007).

**Chance or Quotient Verdict Prohibited**

The law forbids you to determine any issue in this case by chance. If you decide that a party is entitled to recover damages, you must not arrive at the amount of those damages by agreeing in advance: 1) to use each juror's independent estimate of the amount to be awarded; 2) to total those amounts; 3) to divide the total by eight; and 4) to make the resulting average the amount that you award.[28]

---

[28] Tennessee Pattern Jury Instructions – Civil 15.18.

**Temporary nuisance damages**

A temporary nuisance is one that can be corrected by money, labor, or both. The general measure of damages for a temporary nuisance is the decrease in rental value of the plaintiff's property while the nuisance exists. Special damages, apart from property damage, may be recovered for personal discomfort and inconvenience.[29]

_____

[29] Tenn. Pattern Jury Instructions – 9.14 (modified).

## JURY VERDICT FORM

We, the jury, unanimously answer the questions submitted by the Court as follows:

1.      Do you find the defendant, Union Tank Car Company ("UTC"), to be negligent? (The plaintiff has the burden of proof.)

       Yes _____        No _____

If your answer is "no" to this question, stop here, sign the verdict form, and return to the Court.

If you answer "yes" to this question, proceed to Question 2.

2.      Do you find the negligence of UTC to be a cause-in-fact of the plaintiffs' alleged injuries?  (The plaintiff has the burden of proof.)

       Yes_____        No _____

If your answer is "no" to this question, stop here, sign the verdict form, and return to the Court.

If you answer "yes" to this question, proceed to Question 3.

3.      Do you find the negligence of UTC to be a legal cause of the plaintiffs' alleged injuries?  (The plaintiff has the burden of proof.)

       Yes _____        No _____

If your answer is "no" to this question, stop here, sign the verdict form, and return to the Court.

If you answer "yes" to this question, proceed to question 4.

4.      Do you find that the negligence of UTC constituted a nuisance on the plaintiffs' properties? (The plaintiff has the burden of proof.)

       Yes _____        No _____

Proceed to question 5.

5. Do you find CSX, who is not present for the trial of this suit, to be at fault? (The defendant has the burden of proof.)

Yes _____          No _____

If your answer to question 5 is "no," you have found the defendant 100% at fault and therefore you should proceed to question 7. If your answer to question 5 is "yes," proceed to Question 6.

6. If you have found the defendant and CSX to be at fault, considering all the fault at One Hundred Percent (100%), what percentage of fault do you attribute to defendant and CSX?

Union Tank Car Company          _____% (0-100%)

CSX          _____% (0-100%)

Proceed to question 7.

7. What amount of damages, if any, have been proven by a preponderance of the evidence:

Plaintiffs James and Doreene Christie          $_____

Plaintiffs Aaron and Kelli Johnson          $_____

Plaintiff Billy Tipton          $_____

Plaintiff Charles Tipton          $_____

JURY FOREPERSON


_____

Date: _____


30

Respectfully submitted,

/s/ T. Mitchell Panter
Michael J. King, TBPR# 015523
T. Mitchell Panter TBPR# 031744
Paine Bickers, LLP
900 S. Gay St., Ste. 2200
Knoxville, TN 37902
Office: (865) 525-0880
Fax: (865) 521-7441
E-Mail: mjk@painebickers.com

Joshua B. Fleming, *admitted pro hac vice*
Jacob V. Bradley, *admitted pro hac vice*
Quarles & Brady LLP
135 North Pennsylvania Street
2400 BMO Building
Indianapolis, IN 46204
Office: (317) 399-2814
Fax: (317) 957-5014
E-Mail: josh.fleming@quarles.com
E-Mail: jacob.bradley@quarles.com

*Counsel for Union Tank Car Company*

Mark A. Kircher, *admitted pro hac vice*
Quarles & Brady LLP
411 East Wisconsin Avenue, Ste. 2350
Milwaukee, WI 53202-4426
Office: (414) 277-5347
Fax: (414) 271-3552
E-Mail: mark@quarles.com

31

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ T. Mitchell Panter
T. Mitchell Panter (BPR #031744)