# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| CHARLES TIPTON; KELLI JOHNSON and AARON JOHNSON; DOREENE CHRISTIE and JAMES CHRISTIE; and BILLY TIPTON, all individually and on behalf of a Class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNION TANK CAR COMPANY,<br><br>Defendant. | No. 3:15-CV-311-TAV-CCS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## UNION TANK CAR COMPANY'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW
## ON PLAINTIFFS' CLAIMS FOR "ANXIETY, FEAR
## AND MENTAL ANGUISH"

## INTRODUCTION

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Union Tank Car Company ("UTC") moves for judgment as a matter of law as to Plaintiffs' claims for "anxiety, fear and mental anguish." These claims all encompass the same element of damages – emotional distress. UTC is entitled to judgment as a matter of law on Plaintiffs' emotional distress claim for three independent reasons: (1) Plaintiffs may not recover emotional distress damages for claims to injury to property; (2) Plaintiffs have presented no proof of severe mental injury; and (3) in the alternative, Plaintiffs' "standalone" emotional distress claims fail due to lack of expert proof. Accordingly, UTC is entitled to judgment as a matter of law.

# FACTS

Plaintiffs seeks to recover "fear, anxiety and mental anguish" as damages for both their nuisance and negligence claims. *See* Amended Master Consolidated Class Action Complaint, paragraphs 68 and 95. (Doc 249). In the Court's ruling on UTC's and CSX's motions for summary judgment, the Court held that Tennessee law permitted the recovery of emotional injury as a "parasitic" consequence of Plaintiffs' nuisance claim. *See* Memorandum Opinion and Order, p.27. (Doc 241). The Court's ruling did not address Plaintiffs' request for emotional distress damages as a result of their negligent damage to property claim.

At the Final Pretrial Conference held on February 21 and 22, 2018, UTC argued orally and as part of various motions in limine that a parasitic emotional distress claim must relate to the alleged injury (i.e. to the property damage arising from the nuisance). *See* Motion in Limine to Exclude Evidence or Testimony Related to Personal Injury or Medical Treatment (Doc 276); Motion in Limine to Exclude Evidence Regarding Personal Injury, Injury to Others and Fear of Future Disease (Doc 295); and UTC's Reply to these motions (Doc 347). In response, Plaintiffs' counsel stated that their emotional distress claims were "standalone" not "parasitic" claims. UTC defended the case based on that representation.

At trial, all six plaintiffs testified that the derailment caused them "worry" and "concern." Some expressed that hearing trains or crossing the railroad tracks near where the derailment occurred caused them worry. To varying degrees, Plaintiffs alleged that the derailment caused them to lose sleep in the immediate aftermath of the train derailment. Some testified that their sleep was affected for a period into the future.

None of the plaintiffs suffered physiological or psychological symptoms as a result of the derailment. They have never been diagnosed with any psychological condition such as post-

traumatic stress disorder, clinical depression, traumatically induced neurosis or psychosis, or phobia. No plaintiff sought medical or professional treatment for his or her "fear, anxiety or mental anguish." They were never prescribed medications for their complaints. None of the plaintiffs provided any evidence of significant impairment in their daily functioning as a result of the derailment.

On the fourth day of trial, Dr. George Rogers, a toxicologist with no background in psychology or psychiatry testified that it would be "reasonable" for persons in the evacuation zone to have experienced emotional distress. No such opinion was contained in Dr. Rogers' report and he did not offer such an opinion at any point prior to the trial. He never examined or reviewed medical records of the specific Plaintiffs in this case and could not offer any opinions of any of the Plaintiffs' mental state.

## LAW AND ARGUMENT

To be clear, UTC's motion for judgment as a matter of law is directed to Plaintiffs' claims for "fear," "anxiety" or "mental anguish." "Fear" is simply an emotive responsive that falls within the broader category of "emotional distress." *See, e.g.*, *Bandy v. Trigen-Biopower, Inc.*, No. 3:02-cv-459, 2006 WL 5321815, at *5 (E.D. Tenn. May 5, 2006) (referring parenthetically to "emotional distress" as "fear"). Likewise, "mental anguish" is simply an interchangeable term for emotional distress. *See Massingille v. Vandagriff*, No. M2012-01259-COA-R3-CV, 2013 WL 5432893, at *4 n. 4 (Tenn. Ct. App. Sept. 24, 2013) (recognizing that "mental suffering," "mental anguish," and "emotional distress" are "interchangeable") perm. app. den'd. (Tenn. Feb. 13, 2014). "Worry" is also just another form of "emotional distress." *See Stebbins v. Funderburk Mgmt. Co., Inc.*, No. M2011-0068-COA-R3-CV, 2011 WL 5117784, at *3 n.3 (Tenn. Ct. App. Oct. 26, 2011) (recognizing that "suffering, anguish, distress, fear,

3

humiliation, grief, shame, and worry" are simply "emotional responses" within the broader category of "pain and suffering") (quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 715 (Tenn. Ct. App. 1999)).

## I. UTC Is Entitled to Judgment As A Matter of Law On Plaintiffs' Parasitic Emotional Distress Claims.

Unlike a standalone emotional distress claim, "[w]hen emotional damages are a 'parasitic' consequence of negligent conduct that results in multiple types of damages," the plaintiff is not required to present expert evidence of emotional distress. *Boals v. Murphy*, No. W2013-00310-COA-R3CV, 2013 WL 5872225, at *9 (Tenn. Ct. App. Oct. 30, 2013).

### A. "Fear, Anxiety and Mental Anguish" Damages Are Not Recoverable In Connection With Injury To Property.

Plaintiffs may not recover emotional distress for property damage claims. *Lane v. Estate of Leggett*, 2017 WL 1176982 No. M2016-00448-COA-R3-CV (Tenn. Ct. App. March 29, 2017) In *Lane*, plaintiff sought "to recover for emotional injuries allegedly sustained when the defendant's automobile drove into plaintiff's business, struck a gas meter, and started a fire, which destroyed the business." *Id*. at *1. The Court affirmed the trial court's grant of summary judgment dismissing the emotional distress claim, holding plaintiff cannot recover emotional distress arising from injury to property:

> The tort has been asserted in various factual scenarios; however, no case has explicitly held that negligent infliction of emotional distress is a cognizable claim when a plaintiff's emotional injuries arise solely out of property damage. We find instructive the statement of the Tennessee Supreme Court in *Whaley v. Perkins*:
>
>> Subject to some exceptions, generally, under ordinary circumstances, there can be no recovery for mental anguish suffered by plaintiff in connection with an injury to his or her property. Where, however, the act occasioning the injury to the property is inspired by fraud, malice, or like motives, mental suffering is a proper element of damage.
>
> 197 S.W.3d 665, 670 (Tenn. 2006) (quoting 25 C.J.S. Damages § 99 (2002)).

4

*Lane*, 2017 WL 1176982, at *4.

Here, Plaintiffs' negligent damage to property claim fits squarely into the type of claim described in *Lane*. Just like the plaintiff in *Lane*, who sought emotional distress damages arising from injury to her property, Plaintiffs here improperly attempt to claim emotional distress damages as a result of a purported injury to their property. *Id.* As such, the Court should enter a directed verdict in UTC's favor on Plaintiffs' claim for emotional distress damage arising from negligent damage to property. *Lane*, 2017 WL 1176982, at *4; *Whaley*, 197 S.W.3d at 670.

Plaintiffs' nuisance claim also fails as the purported emotional distress arises from alleged damages to property. (Doc. 253, ¶95.) The Tennessee Pattern Jury Instruction, T.P.I. – Civil 9.14 provides the general measure of damages for a temporary nuisance, as Plaintiffs allege here, is the decrease in rental value:

> A temporary nuisance is one that can be measured by money, labor or both. The general measure of damages for a temporary nuisance is the decrease in rental value of the plaintiff's property while the nuisance exists. Special damages, apart from property damages, may be recovered by loss of profit, personal discomfort, inconvenience, personal injury and emotional distress.

Plaintiffs explicitly disclaimed personal injury. In their request for damages for nuisance, they request the jury award damages for "real property damage, personal property damage, loss of income, out-of pocket expenses, loss of use and enjoyment of property, aggravation and inconvenience, and fear, anxiety and mental anguish." *See* Amended Master Consolidated Class Action Complaint, ¶68. (Doc 249). Like the negligence claim, plaintiffs do not claim to have suffered personal injury damages for their nuisance claim, and the only relief they seek is for the recovery of property damages. Because Plaintiffs' host claim is for property damage, UTC is entitled to directed verdict on their parasitic claim for "anxiety, fear and mental anguish" arising from these purported property damages. *Lane*, 2017 WL 1176982, at *4; *Whaley*, 197 S.W.3d at

5

670.

> **B. Because Plaintiffs Have Failed To Establish Serious Mental Injury, UTC Is Entitled To Judgment As A Matter of Law On Plaintiffs' "Fear, Anxiety and Mental Anguish" Claims.**

Tennessee law has long recognized that **all** claims for emotional distress require evidence of a serious or severe mental injury. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 270 ("[A]ctions for "negligent infliction of emotional distress (including all three "subspecies" of negligent infliction: 'stand-alone,' 'parasitic,' and 'bystander') require an identical element: a showing that the plaintiff suffered a serious mental injury resulting from the defendant's conduct."); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 210 (Tenn. 2012) ("[A] serious or severe mental injury occurs where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case"); *Estate of Amos v. Vanderbilt Univ.*, 62 S.W.3d 133, 134 (Tenn. 2001) (holding that although expert proof is not necessary in "parasitic" emotional distress cases, standalone emotional distress cases do, in fact, require expert proof of a severe or serious mental injury); *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996) ("[I]n order to guard against trivial or fraudulent actions, the law ought to provide a recovery only for "serious" or "severe" emotional injury.").

In *Rogers*, the Tennessee Supreme Court listed the factors to consider as to whether emotional distress rose to the level of "serious or severe" mental injury:

> (1) evidence of physiological manifestations of emotional distress, including but not limited to nausea, vomiting, headaches, severe weight loss or gain, and the like;
>
> (2) evidence of psychological manifestations of emotional distress, including but not limited to sleeplessness, depression, anxiety, crying spells or emotional outbursts, nightmares, drug and/or alcohol abuse, and unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry;
>
> (3) evidence that the plaintiff sought medical treatment, was diagnosed with a

> medical or psychiatric disorder such as post-traumatic stress disorder, clinical depression, traumatically induced neurosis or psychosis, or phobia, and/or was prescribed medication;
>
> (4) evidence regarding the duration and intensity of the claimant's physiological symptoms, psychological symptoms, and medical treatment;
>
> (5) other evidence that the defendant's conduct caused the plaintiff to suffer significant impairment in his or her daily functioning; and
>
> (6) in certain instances, the extreme and outrageous character of the defendant's conduct is itself important evidence of serious mental injury.

*Rogers*, 367 S.W.3d at 209-10.

In *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015), the plaintiff/wife was not given a RhoGAM injection during her pregnancy, which resulted in an irreversible blood condition known as "Rh-sensitization" that causes the host to develop certain antibodies that may cross the placenta and attack the red blood cells of an Rh-positive fetus. *Id.* at 239. This exposes the fetus to several risks, some of which can be fatal. *Id.* The plaintiffs, who were devoutly Catholic and morally opposed to "traditional" means of birth control, were left "in a state of emotional distress" because they feared that the wife's Rh-sensitization would result in complications with future pregnancies. *Id.* Plaintiffs filed suit against the wife's obstetrician and the obstetrician's medical group, alleging (among other things) separate emotional distress claims for husband and wife. *Id.* With respect to the wife's claim, she requested compensatory damages for physical injuries such as the "disruption of the normal functioning of [Mrs. Rye's] capability to conceive . . ." and emotional distress. *Id*.

In dismissing Mrs. Rye's claim for parasitic emotional distress, the Court first examined whether the testimony established "serious emotional injury." Mrs. Rye testified that she was "scared," "so upset," remained "very concerned," and thought about the risks "every day." *Id.* at 271. But "she had not sought emotional or psychiatric counseling or mental health treatment

from a psychiatrist, a psychologist, a counselor, or anyone else as a result of her concerns;" nor did concerns cause her to miss work or business activities, and "she continued her parenting responsibilities without disruption." *Id.*

Relying in *Rogers*, the Court held that Mrs. Rye's evidence failed to meet the legal standards for establishing a parasitic emotional distress claim because she provide no evidence of serious emotional injury, since:

> She has neither suffered physiological or psychological symptoms, nor sought medical or professional treatment, nor incurred any significant impairment in her daily functioning resulting from her Rh-sensitization. In fact, she testified that she has not sought any counseling or treatment of any sort and that her daily work and parenting routines have not been disrupted.

*Id.* at 272; *see also Ramsey*, 931 S.W.2d at 532 (holding plaintiffs cannot recover for "hurt feelings, trivial upsets, or temporary discomfort," which do not arise to the level of "serious or severe emotional injuries which disable a reasonable, normally constituted person from coping adequately with the stress.").

This Court addressed the requirement of "serious or severe emotional injury in *Capps v. Cremation Options, Inc*., No. 3:12-CV-545-TAV-HBG, 2016 WL 123425 (E.D. Tenn. January 11, 2016). At the outset this Court, citing *Rogers*, noted that, whether the action is for intentional or negligent infliction of emotional distress, plaintiff must establish a serious mental injury resulting from the defendant's conduct. *Id*. at *4 (internal quotations omitted). The Court then reviewed Plaintiffs' evidence designated in support of their emotional distress: they "immediately experienced profound and severe pain, anguish, grief, sorrow, and outrage . . . it is 'rare' for them to not have 'some moment of suffering' each day." *Id.* The Court also noted one plaintiff continued to "weep uncontrollably." *Id.*

This Court rejected Plaintiffs' claims, finding that such damages are insufficient to establish serious or severe mental injury as a matter of law because "plaintiffs have not demonstrated that they have suffered any significant impairment in their daily lives resulting from the alleged outrageous conduct of defendant." *Id.* at *6; *see also Rogers,* 367 S.W.3d at 210-211 (finding that plaintiff did not suffer serious mental injury where she was "very, very emotional, very tearful"); *Nesbitt v. Wilkins Tepton, P.A.*, No. 3:11-cv-0574, 2012 U.S. Dist. LEXIS 115407 at *30-32, 2012 WL 3561795 (M.D. Tenn. Aug 16, 2012) (finding that no serious mental injury for a plaintiff who suffered extreme stress during pregnancy, cried, and suffered from anxiety; for a plaintiff who became angry at family members, was not able to function effectively as a friend, took medication, and suffered nightmares; nor for a plaintiff who zoned out at work and would get upset and tearful when talking about work); *Giles v. Hometown Folks, LLC,* 61 F.Supp.3d 749, 759 (E.D. Tenn. 2014) (holding that plaintiff did not meet this standard, despite being "upset and crying" after the incident at issue, and meeting with a counselor multiple times).

In this case, Plaintiffs described "worry" and "fear" of what might happen during the time period the evacuation took place. Some describe "worry" and "concern" after they returned home. A few plaintiffs describe interference with their sleep during the evacuation and again in the future. The evidence of emotional distress provided in this case is certainly no better than the evidence rejected by the Tennessee Supreme Court in *Rye* – evidence that Mrs. Rye was "scared," "so upset," "very concerned," and thought about the risks "every day." Plaintiffs' evidence of emotional distress is far less than the evidence presented in *Capps¸* which this Court found was insufficient as a matter of law. *Capps*, 2016 WL 123425, at *6. None of the Plaintiffs here testified that they are "suffering every day" or "weeping uncontrollably." They have

9

presented no evidence of "severe pain," "anguish," "grief," "sorrow," or "outrage." Their failure to do so is fatal to their claims. *Id.*

Plaintiffs attempt to use Dr. Rodgers to overcome these deficiencies in their proof also fails. Dr. Rodgers' generalizations that persons in the evacuation zone could "reasonably" expect to experience emotional distress does not constitute a diagnosis of any mental health disease. Nor could he provide such a diagnosis because he has never examined any of the Plaintiffs.

A reasonable jury would not have a legally sufficient evidentiary basis for finding Plaintiffs suffered "serious or severe mental injury." UTC is entitled to judgment as a matter of law on Plaintiffs' claims of "fear, anxiety and mental anguish."

## II. Alternatively, If Plaintiffs' Claim is Standalone, UTC Is Entitled To Judgment As A Matter Of Law Because Plaintiffs Have Not Presented Expert Proof Of Emotional Injury.

Beginning with *Camper v. Minor*, the Tennessee Supreme Court acknowledged that allowing plaintiffs to pursue emotional distress claims where no corresponding physical injury occurred – i.e. standalone claims – could potentially open the floodgates to vexatious litigation. *Camper*, 915 S.W.2d at 442. With that concern in mind, the court imposed two requirements on standalone claims: (1) the plaintiff's emotional injuries must be "serious or severe;" and (2) "the claimed injury or impairment must be supported by expert medical or scientific proof." *Id.* at 446 (citing *Leong v. Takasaki*, 55 Haw. 398, 520 P.2d 758, 766-67 (1974)).

During the Final Pretrial Conference, Plaintiffs announced to the Court and UTC that their emotional distress claims are "standalone" claims. With Plaintiffs' case having been fully presented, not a single expert has testified as to the severity or seriousness of any Plaintiff's purported emotional injury. On the contrary, the *only* evidence concerning emotional distress

10

came from Plaintiffs themselves. This is insufficient. *Camper*, 915 S.W.2d at 442. Because their testimony is legally insufficient to establish the elements of their claims, judgment as a matter of law is appropriate.

## CONCLUSION

UTC has provided three independent bases for granting UTC judgment as a matter of law on Plaintiffs' claims for "anxiety, fear and mental anguish." First, as a matter of law, Plaintiffs cannot recover parasitic emotional distress damages when the host claim is for injury to property. Second, Plaintiffs have failed to present evidence of "serious or severe" mental injury, an element of any claim for emotional distress. Finally, to the extent Plaintiffs argue these emotional distress claims are "standalone," UTC is entitled to judgment as a matter of law because Plaintiffs have failed to present expert proof. Consequently, the Court should enter directed verdict in UTC's favor.

Respectfully submitted,

/s/ Michael J. King
Michael J. King, TBPR# 015523
T. Mitchell Panter, TBPR #031744
Paine Bickers, LLP
900 S. Gay St., Ste. 2200
Knoxville, TN 37902
Office: (865) 525-0880
Fax: (865) 521-7441
E-Mail: mjk@painebickers.com

Mark A. Kircher, *admitted pro hac vice*
Quarles & Brady LLP
411 East Wisconsin Avenue, Ste. 2350
Milwaukee, WI 53202-4426
Office: (414) 277-5347
Fax: (414) 271-3552
E-Mail: mark.kircher@quarles.com

Joshua B. Fleming, *admitted pro hac vice*
Jacob V. Bradley, *admitted pro hac vice*
Quarles & Brady LLP
135 North Pennsylvania Street
2400 BMO Building
Indianapolis, IN 46204
Office: (317) 399-2814
Fax: (317) 957-5014
E-Mail: josh.fleming@quarles.com
E-Mail: jacob.bradley@quarles.com

*Counsel for Union Tank Car Company*

## CERTIFICATE OF SERVICE

     I hereby certify that on March 5, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Michael J. King
Michael J. King (BPR #015523)

QB\51043882.1