UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARLES TIPTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:15-CV-311-TAV-CCS |
| | ) |
| UNION TANK CAR CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on cross motions for judgment as a matter of law by plaintiffs [Doc. 415] and defendant [Doc. 414]. Plaintiffs argue that defendant failed to present sufficient evidence at trial to support the jury's apportionment of fault against nonparty CSX Transportation, Inc. ("CSX") on plaintiffs' nuisance claim, to which defendant responded [Doc. 417]. Likewise, defendant has moved for judgment as a matter of law or, in the alternative, judgment notwithstanding the verdict on plaintiffs' nuisance claim [Doc. 414]. Plaintiffs responded in opposition [Doc. 418], and defendant replied [Doc. 420]. Having reviewed the arguments of the parties and the record in this case, plaintiffs' motion [Doc. 415] will be denied. However, because the parties have not briefed critical issues pertaining to defendant's motion, the Court will reserve ruling on that motion and order additional briefing [Doc. 414].

## I. Background[1]

Plaintiffs filed this action in 2015, following a train derailment and resulting chemical fire in Maryville, Tennessee, which caused the mandatory evacuation of thousands of local residents [Doc. 114 ¶¶ 14, 30–31]. Plaintiffs asserted claims of negligence and private nuisance under Tennessee common law against defendant and CSX, who has since been removed as a party to this case [Doc. 1]. Various other plaintiffs filed separate lawsuits arising from the same train derailment.

On May 18, 2016, the Court granted plaintiffs' unopposed motion in *Tipton v. CSX Transportation, Inc.*, No. 3:15-cv-311, *Jones v. CSX Transportation, Inc., No. 3:15-cv-337*, and *Johnson v. CSX Transportation, Inc.*, No. 3:15-cv-497, to consolidate these respective actions [Doc. 110]. The Court designated *Tipton* as the lead case, and plaintiffs filed a master consolidated complaint, which superseded all prior complaints in the consolidated cases [Doc. 114].

Jury trial began on February 27, 2018. During trial both plaintiffs [Doc. 392] and defendant [Docs. 388, 399, 419] moved for judgment as a matter of law on various issues. The Court did not rule on the parties' motions prior to jury deliberation but, per the Court's instructions, both parties renewed their motions after entry of judgment under Rule 50(b) [Doc. 415]. The jury returned a verdict finding that defendant was not liable on plaintiffs' negligence claim but was liable for nuisance, with CSX comparatively at fault [Doc. 412].

---

[1] Although discussed to the extent relevant for the purposes of these motions, the Court presumes familiarity with the facts of this case.

The jury awarded damages to the plaintiffs based on: loss of use or enjoyment of real property, mental and emotional injury, inconvenience, out of pocket expenses, and loss of income [*Id.*].

In their renewed motion, plaintiffs argue that the Court should enter judgment as a matter of law to find that CSX is not comparatively at fault for plaintiffs' nuisance claim [Doc. 415]. In its own renewed motion, defendant moves for judgment as a matter of law on plaintiffs' nuisance claim. Defendant also argues that plaintiffs are not entitled to damages for mental or emotional injury [Doc. 414].

## II. Standard of Review

Rule 50 of the Federal Rules of Civil Procedure permits a motion for judgment as a matter of law to be renewed after entry of judgment. Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.* In order to be successful, the movant must show that a "reasonable jury would not have a legally sufficient evidentiary basis" to find for the non-moving party. *Id.* In considering this question, "'[t]he evidence should not be weighed. The credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury.'" *Schwartz v. Sun Co., Inc. (R&M)*, 276 F.3d 900, 903 (6th Cir. 2002) (quoting *K&T Enters., Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 175-76 (6th Cir. 1996)). Rather, the court "must 'view the evidence in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor.'" *Id.*

(quoting *Riverview Invs., Inc. v. Ottawa Cmty. Improvement Corp.*, 899 F.2d 474, 482 (6th Cir. 1990)).

"A federal court sitting in a diversity case must apply the directed verdict standard of the state whose substantive law governs the action." *Cansler v. Grove Mfg. Co.*, 826 F.2d 1507, 1510 (6th Cir. 1987) (quoting *Rhea v. Massey-Ferguson, Inc.*, 767 F.2d 266, 269 (6th Cir. 1985)). Under Tennessee law, a motion for judgment notwithstanding the verdict is the state-law equivalent to a federal motion for judgment as a matter of law. Both motions are thus evaluated under the same standard. *Id.* Courts must "take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence." *Id.* These motions should not be granted "except where a reasonable mind could draw but one conclusion." *Id.*

### III. Plaintiff's Motion: Comparative Fault

In their renewed motion, plaintiffs argue that they are entitled to judgment as a matter of law on the issue of CSX's comparative fault for plaintiffs' nuisance claim. Under Tennessee law "a nuisance is anything that annoys or disturbs the free use of one's property or that renders the property's ordinary use or physical occupation uncomfortable." *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 415 (Tenn. 2013). Here, the jury found that there had been wrongful interference with plaintiffs' land and thus awarded damages based

4

on plaintiffs' nuisance claim, but it also found that defendant's conduct was not negligent [Doc. 412].

In the present motion, the parties disagree on what defendant needed to establish in order to successfully show CSX's comparative fault: plaintiffs contend that defendant needed to show that the third-party engaged in "wrongful conduct" [Doc. 415 p. 2], while defendant argues that it needed only to show wrongful interference with plaintiffs' land by one who controlled the nuisance-creating instrumentality [Doc. 417 p. 2]. In other words, the parties disagree about what matters for a nuisance claim: the nuisance-causing conduct, or the effect of that conduct.

Defendant has the better of the argument. To prove comparative fault, defendant needed only to establish that CSX was in control of the nuisance-creating instrumentality. In *Lane v. W.J. Curry & Sons*, 92 S.W.3d 355, 365 (Tenn. 2002), the Tennessee Supreme Court—the final arbiter on matters of state law—explained that "nuisance does not describe a defendant's conduct, but a type of harm suffered by the plaintiff." *Id.* Other cases hold similarly. *See Zollinger*, 837 S.W.2d at 615 ("Generally, a nuisance does not depend upon negligence although negligence may exist. The nuisance consists of the harmful effects or the danger of the thing.") (citing *Llewellyn v. City of Knoxville*, 232 S.W.2d 568, 576 (Tenn. Ct. App. 1950)); *Johnson Cnty., Tenn. V. U.S. Gypsum Co.*, 580 F. Supp. 284, 294 (E.D. Tenn. 1984) ("[A]s an elementary principle of tort law, a nuisance claim may only be alleged against one who is in control of the nuisance creating instrumentality.").

*Manis v. Gibson*, No. E2005-00007-COA-R3-CV, 2006 WL 521466, at *5 (Tenn. Ct. App. Mar. 3, 2006), a case cited by plaintiffs, also makes this clear: "a nuisance action based upon interference with the natural drainage of surface water is actionable *only if the interference is 'wrongful'* and causes injury to an adjoining land owner." 2006 WL 521466, at * 5 (citing *Zollinger v. Carter*, 837 S.W.2d 613, 615 (Tenn. Ct. App. 1992) (emphasis added)). The court focused on the *wrongful interference* with plaintiff's land rather than the *wrongful nature* of defendant's conduct.

Defendant has met this burden. Defendant states that the nuisance-creating instrumentality in this case was the train, which caused the chemical fire that gave rise to the nuisance [Doc. 417 p. 3]. Defendant further asserts that it successfully proved that CSX controlled the train at the time of the accident. Defendant points to certain stipulated facts to support its assertion, including that at the time of the derailment and fire CSX was operating the train on tracks that it owned, that CSX was in control of the ignited tank car both before and during the derailment, and that CSX performed a pre-departure inspection of the train and tank car [*Id.*]. Additionally, at trial the jury heard from James Whelan, plaintiffs' expert, who testified that he did not believe CSX properly inspected the tank car prior to the accident [Doc. 417-1 p. 5]. In light of the stipulated facts, as well as the testimony heard at trial, there was sufficient proof for the jury to find that CSX maintained some control of the nuisance creating instrumentality and, thus, was comparatively at fault for plaintiffs' nuisance claim. The Court will therefore deny plaintiffs' motion.

## IV. Defendant's Motion: Preservation of Arguments

Defendant submitted two written Rule 50(a) motions [Docs. 388, 389] and orally argued for a directed verdict [Doc. 419] prior to renewing its motion for judgment as a matter of law [Doc. 414]. In its renewed motion, defendant argues that it is entitled to judgment as a matter of law or judgment notwithstanding the verdict on plaintiffs' nuisance and emotional distress claims. Defendant states that plaintiffs failed to present evidence at trial to establish defendant's fault for the nuisance, that the claim is preempted by the FRSA and barred under Tennessee's statute of repose, and that plaintiffs failed to present proof to support their claims for emotional distress [Doc. 414]. Plaintiffs respond that defendant failed to move for judgment as a matter of law on most of these issues during trial, particularly in its written Rule 50(a) motions, and therefore has waived the majority of these arguments [Doc. 418].

Renewed motions for judgment as a matter of law under Rule 50(b) can only be granted "on grounds advanced in the preverdict motion" and on issues "brought before the court prior to submission of the case to the jury." *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 491 (6th Cir. 2008) (internal citations omitted). This rule ensures that plaintiffs' Seventh Amendment right to a jury trial is protected, with all important issues raised prior to the case being submitted to a jury. *Id.* (quoting *Am. & Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 160 (6th Cir. 1997)). Although Rule 50(b) motions must be renewed motions, "technical precision is not necessary" when the purposes of the rule are satisfied, and the

Rule 50(b) motion need not parrot the Rule 50(a) motion verbatim. *Kusens v. Pascal Co.*, 448 F.3d 349, 361 (6th Cir. 2006). The Sixth Circuit in *Kusens* explained:

> Although Rule 50(a) requires a motion for judgment as a matter of law to state the specific grounds, the rule does not define how specific the grounds must be. Because the requirement that a Rule 50(a) motion must precede a Rule 50(b) motion is harsh in any circumstance, a Rule 50(a) motion should not be reviewed narrowly but rather in light of the purpose of the rules to secure a just, speedy, and inexpensive determination of the case. Accordingly, where Rule 50(a)'s purpose—i.e., providing notice to the court and opposing counsel of any deficiencies in the opposing party's case prior to sending it to the jury—has been met, courts usually take a liberal view of what constitutes a pre-verdict motion sufficient to support a post-verdict motion.

*Kusens*, 448 F.3d at 361 (internal citations and quotations omitted). The court in *Kusens* cited favorably the Eighth Circuit's decision in *Rockport Pharmacy, Inc. v. Digital Simplistics, Inc.*, 53 F.3d 195 (8th Cir. 1995), wherein a Rule 50(b) motion was argued under an interrelated, but different theory than the defendant's Rule 50(a) motion. There, the court found that the post-verdict and pre-verdict grounds were "inextricably intertwined" and thus defendant was allowed to move forward with its post-verdict argument. *Id.* at 198.

The same cannot be said for all of defendant's arguments here. In its Rule 50(b) motion, defendant successfully renewed its arguments that CSX alone was liable for plaintiffs' nuisance claim, that the nuisance claims was preempted by the FRSA, and that defendant was entitled to judgment as a matter of law on plaintiffs' claims for mental or emotional injury. However, defendant's statute of repose argument relating to the tank car's requalification was not raised in defendant's pre-verdict motions, nor is it "inextricably intertwined" with defendant's arguments there. Accordingly, defendant

8

cannot proceed with this argument. Defendant's primary argument on statute of repose grounds is that, when the jury found that defendant was not negligent, the only way for plaintiff to prevail on its nuisance claims was to establish that the 2013 requalification of the tank car extended the car's useful life [Doc. 414 p. 5]. Defendant argues that the evidence fails to support such a finding and therefore the Tennessee Product Liability Act's ("TPLA") statute of repose applies and bars the nuisance claim.

The applicability of the TPLA's statute of repose was discussed at length in the Court's memorandum opinion and order on defendant's motion for summary judgment [Doc. 241 pp. 8–17], wherein the Court stated that material factual disputes existed as to two issues relevant to this inquiry: "(1) whether UTC later breached any ongoing duties of inspection or repair owed to plaintiffs, and (2) whether the 2013 requalification of the Tank Car constituted a substantial reconstruction or reconditioning of that product" [*Id.* p. 17]. Furthermore, both of these issues were raised in the jury charge, where the Court instructed the jury that it could find defendant liable for negligence or nuisance only if it resolved at least one of these factual disputes in plaintiffs' favor. That is, the jury could return a verdict for plaintiff only if it found that plaintiffs had proved at least one of these two conditions. Defendant's relevant pre-verdict motions on this issue focused on the first prong of this inquiry, to wit, whether plaintiffs introduced sufficient evidence at trial to establish that UTC breached any ongoing duties of inspection or repair. Defendant's argument did not mention the sufficiency of evidence as to the second prong, relating to the tank car's requalification. Therefore, although the jury had two distinct routes by which to find

9

defendant liable, defendant only focused in its pre-verdict motion on one of the prongs. This is insufficient to preserve a post-verdict motion as to the other. Addressing one factual dispute in a pre-verdict motion does not necessarily forewarn an opposing party that the other is sufficiently implicated and can be argued at a later date. *See Ford v. Cty. of Grand Traverse*, 535 F.3d at 491–92) ("The earlier motion informs the opposing party of the challenge to the sufficiency of the evidence") (quoting Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment); *Kusens*, 448 F.3d at 361 ("A post-trial motion for judgment may not advance additional grounds that were not raised in the pre-verdict motion"). Moreover, although both factual disputes are related to the applicability of the TPLA's statute of repose, they arise from two separate inquiries which are not so inextricably intertwined that plaintiffs would have had advanced notice of defendant's Rule 50(b) arguments. Unlike the circumstances in *Kusens* and *Rockport*, defendant's post-verdict arguments here do not "elaborate[] more specifically on 'essential elements' of the claims that had been raised in the preverdict motions." *Ford v. Cty. of Grand Traverse*, 535 F.3d at 493 (quoting *Kusens*, 448 F.3d at 362). Rather, they switch tactic and attack the sufficiency of evidence on alternative grounds. As such, defendant's argument based on the requalification of the tank car is deemed waived.

Defendant has, however, preserved its remaining arguments, because defendant did move for judgment as a matter of law on its comparative liability for nuisance prior to the close of trial. Defendant's attorney initially moved orally at trial, saying, "I do want to make clear that we did move under Rule 50 as well for a directed verdict as to CSX's

liability for nuisance, in case that's not clear on the record. In other words, CSX is liable on the issue of nuisance under Rule 50," to which the Court responded, "to the extent it wasn't clear, it's now clear" [Doc. 419 pp. 28–29]. Defendant also preserved its argument that the nuisance claim was preempted. In defendant's second written motion for judgment as a matter of law, defendant asked for entry of judgment "on *all* of Plaintiffs' claims against it," asserting that these claims were preempted under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq.* [Doc. 389] (emphasis added). This included both plaintiffs' nuisance and negligence claims. Defendant therefore presented two theories in its Rule 50(a) motions as to why it was not liable for plaintiffs' nuisance claim: first, because CSX was instead liable [Doc. 419], and second, because the nuisance claim was preempted by FRSA [Doc. 389]. These Rule 50(a) motions were sufficient to notify plaintiff and the Court about defendant's theory of the case and the alleged deficiencies in plaintiffs' claims.

In sum, defendant has waived only one argument pertaining to Tennessee's statute of repose. However, given plaintiffs' position, they did not address defendant's surviving claims substantively. Thus, the Court will order further briefing about the merits of defendant's post-verdict motion, specifically whether CSX alone is liable for the nuisance or whether the FRSA preempts plaintiffs' nuisance claim.

V.  **Damages for Mental or Emotional Injury**

The jury returned a verdict for plaintiffs and awarded several types of damages, including for mental and emotional injury [Doc. 412]. Defendant maintains that plaintiffs

are not entitled to those damages. However, the Court is requesting further briefing on whether defendant's post-verdict motion should be granted on plaintiffs' nuisance claim, and plaintiffs' entitlement to damages for mental and emotional injury will depend on the outcome of that motion. The Court will therefore not rule on this issue at this time.

**VI. Conclusion**

For the reasons explained above, plaintiffs' motion for judgment as a matter of law on comparative fault [Doc. 415] will be **DENIED**. Furthermore, the Court **ORDERS** additional briefing from the parties addressing the merits of defendant's motion for judgment as a matter of law. Specifically, the parties should address whether CSX alone is liable under a theory or nuisance and whether the FRSA preempts plaintiff's nuisance claim. These briefs shall be filed simultaneously, within **twenty (20) days** of the entry of this Order.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE